UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

ISABEL CAAMANO,
and other similarly-situated individuals,

    Plaintiff,

v.

FUEL ENERGY SOURCE HALLANDALE LLC,
and GILBERTO GARAY, individually

    Defendants,
_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff ISABEL CAAMANO, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants FUEL ENERGY SOURCE HALLANDALE LLC and GILBERTO GARAY and alleges:

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act", (Section 216 for jurisdictional placement).

2. Plaintiff ISABEL CAAMANO is a resident of Broward County, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Corporate Defendant FUEL ENERGY SOURCE HALLANDALE LLC (hereinafter FUEL ENERGY SOURCE) is a Florida corporation with place of business within the jurisdiction of this Court. At all times material hereto Defendant was and is engaged in interstate commerce.

4. The individual Defendant GILBERTO GARAY was and is now the owner/partner, manager and or director of FUEL ENERGY SOURCE the Corporation mentioned in paragraph # 3. This individual Defendant is the employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d).

5. All the actions raised in this complaint took place in Broward County Florida, within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

6. This cause of action is brought by Plaintiff as a collective action to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after March 27, 2014 (the "material time") without being compensated overtime wages pursuant to the FLSA.

7. Corporate Defendant FUEL ENERGY SOURCE is a retail business operating as a Westar gas station, and convenience store. Defendant is located at 3180 W. Hallandale Beach Blvd. Pembroke Park, FL 33023.

8. Defendants employed Plaintiff ISABEL CAAMANO as a cashier and general store employee, from approximately 2010 to December 20, 2016, or more than 6 years. However, for FLSA purposes, Plaintiff's relevant period of employment is 143 weeks.

9. Plaintiff was a non-exempt hourly employee and upon information and belief she was paid a regular rate of $13.75 an hour.

10. Plaintiff's responsibilities included duties as a cashier, janitor and all the work related to a store-gas station operation.

11. During her employment period with Defendants, Plaintiff had a regular schedule from Monday to Saturday, from 6:00 AM to 2:00 PM (8 hours daily, 6 days per week = 48 hours). In addition, at least twice a week, Plaintiff worked double shift, which represented 16 extra hours, or a total of 64 hours weekly. Plaintiff was unable of taking bona-fide lunch breaks.

12. Plaintiff worked 24 overtime hours every week, but she was paid for this overtime hours at the rate of $9,00 an hour, which was less than her regular rate.

13. Defendant failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate, for every hour that she worked in excess of forty (40).

14. Plaintiff received every week one check for the amount of $250.00, plus $300.00 in cash. Plaintiff received additional cash for overtime hours, but at the incorrect rate of $9.00. Plaintiff should be paid at the rate of $20.62 for every hour worked in excess of 40 per week period.

15. Plaintiff did not punch in and out. Defendants did not have any accurate time-keeping method. Plaintiff was never provided with a paystub or any other record, with information regarding accounting of hours worked, classification of the employee's labor, or withholdings of employment taxes.

16. On or about December 16, 2016, Plaintiff complained with manager GILBERTO GARAY, and she requested to be paid for overtime hours at the rate of time and a half her regular rate.

17. On or about December 20, 2016, Defendant fired Plaintiff, in retaliation for Plaintiff's demands for overtime payment at the correct rate.

18. Plaintiff seeks to recover the difference between her overtime rate of $20.62 and $9.00 which is the amount paid to her for overtime hours, retaliatory damages, liquidated damages, and any other relief as allowable by law.

19. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid minimum wages and overtime at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS**

20. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-19 above as if set out in full herein.

21. This cause of action is brought by Plaintiff ISABEL CAAMANO as a collective action to recover from Defendants overtime compensation, liquidated damages, costs and reasonably attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after July 01, 2012, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

22. Defendant FUEL ENERGY SOURCE is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a retail business performing simultaneously as gas station, convenience store, and food beverage business. Defendant uses the instrumentalities of interstate commerce. Defendant has more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

23. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce as gas station employees providing services and support to firms and individuals engaged in commerce or in the production of goods for commerce. Therefore, there is FLSA individual coverage.

24. Defendants FUEL ENERGY SOURCE employed Plaintiff ISABEL CAAMANO as a cashier and general store employee, from approximately 2010, to December 20, 2016. Plaintiff was a non-exempt hourly employee and upon information and belief she was paid an average of $13.75 an hour.

25. During her time of employment with Defendants, Plaintiff and those similarly-situated, regularly worked an average of more than 40 hours weekly without being compensated at the rate of time and one half of her regular rate of pay for every hour in excess of forty.

26. Particularly, Plaintiff ISABEL CAAMANO worked an average of 64 hours every week. Plaintiff was paid for 24 overtime hours, but at the incorrect rate of $9.00 an hour, which was less than her regular rate of $13.75. Defendants failed to pay Plaintiff at the rate of time and a half her regular rate for every hour in excess of forty, in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

27. Plaintiff and other similarly situated employees were paid one part with check and one part with cash. Plaintiff received separate cash payments for overtime hours.

28. Defendant did not provide Plaintiff with paystubs or records providing accurate information regarding accounting for hours worked, or classification of the employee's labor, and withholdings of employment taxes.

29. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain time records of hours worked by Plaintiff and other employees, and Plaintiff never saw any time-records.

30. Defendants violated the record keeping requirements of FLSA, 29 CFR Part 516.

31. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

32. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime hours are calculated averaging hours paid and hours worked as follows:

    *Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

    a. <u>Total amount of alleged half-time unpaid O/T wages</u>:

       Thirty-Nine Thousand Eight Hundred Seventy-Nine Dollars and 84/100 ($39,879.84)

    b. <u>Calculation of such wages</u>:
       Total relevant weeks: 143 weeks
       Regular rate $13.75 x 1.5= $20.62 overtime rate
       Total of hours worked in a week: 64 hours
       Total of overtime hours worked in a week: 24 hours
       Total overtime hours paid weekly: 24 hours at the rate of $9.00
       $20.62 O/T rate - $9.00 overtime rate paid=$11.62   difference

       $11.62 overtime difference x 24 overtime hours=$278.88 weekly
       $278.88 weekly x 143 weeks = $39,879.84

    c. <u>Nature of wages (e.g. overtime or straight time)</u>:

       This amount represents unpaid overtime rate difference.

33. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay Plaintiff at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

34. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with

Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

35. At the times mentioned, individual Defendant GILBERTO GARAY was the owner/partner and manager of FUEL ENERGY SOURCE Defendant GILBERTO GARAY was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual Defendant acted directly in the interests of FUEL ENERGY SOURCE, including Plaintiff and others similarly situated. Defendant GILBERTO GARAY had financing and operational control of the corporation, he was responsible for Plaintiff and other similarly situated employees' working conditions, and is jointly liable for Plaintiff's damages.

36. Defendants FUEL ENERGY SOURCE and GILBERTO GARAY willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

37. Plaintiff seeks to recover her unpaid overtime difference accumulated during her time of employment with Defendants as allowable by law.

38. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff ISABEL CAAMANO and other similarly-situated

individuals and against the Defendants FUEL ENERGY SOURCE and GILBERTO GARAY on the basis of Defendants willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff ISABEL CAAMANO actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff and those similarly-situated demand trial by jury of all issues triable as of right by jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS

39. Plaintiff ISABEL CAAMANO re-adopts each and every factual allegation as stated in paragraphs 1-19 of this complaint as if set out in full herein.

40. Defendant FUEL ENERGY SOURCE is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a retail business performing simultaneously as gas station, convenience store, and food beverage business. Defendant uses the instrumentalities of interstate commerce. Defendant has more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic

devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

41. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce as gas station employees providing services and support to firms and individuals engaged in commerce or in the production of goods for commerce. Therefore, there is FLSA individual coverage.

42. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…"

43. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

44. Defendants FUEL ENERGY SOURCE employed Plaintiff ISABEL CAAMANO as a cashier and general store employee, from approximately 2010, to December 20, 2016. Plaintiff was a non-exempt hourly employee and upon information and belief she was paid an average of $13.75 an hour.

45. During her time of employment with Defendants, Plaintiff and those similarly-situated, regularly worked an average of more than 40 hours weekly without being compensated at the rate of time and one half of her regular rate of pay for every hour in excess of forty.

46. Plaintiff ISABEL CAAMANO worked an average of 64 hours every week. Plaintiff was paid for 24 overtime hours, but at the incorrect rate of $9.00 an hour, which was less than her regular rate of $13.75. Defendants failed to pay Plaintiff at the rate of time and a half her regular rate for every hour in excess of forty, in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

47. On or about December 16, 2016, Plaintiff complained with manager GILBERTO GARAY, and she requested to be paid for overtime hours at the rate of time and a half her regular rate.

48. This complaint constituted a protected activity under the Fair Labor Standards Act.

49. On or about December 20, 2016, Defendant fired Plaintiff, in retaliation for Plaintiff's demands for overtime payment at the correct rate.

50. At all time during her employment with Defendants, Plaintiff performed her duties satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

51. There is closed proximity between Plaintiff's last protected activity and the date of her termination.

52. At the times mentioned, individual Defendant GILBERTO GARAY was the owner/partner and manager of FUEL ENERGY SOURCE Defendant GILBERTO GARAY was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual

Defendant acted directly in the interests of FUEL ENERGY SOURCE, including Plaintiff and others similarly situated. Defendant GILBERTO GARAY had financing and operational control of the corporation, he was responsible for Plaintiff and other similarly situated employees' working conditions, and is jointly liable for Plaintiff's damages.

53. Defendants FUEL ENERGY SOURCE and GILBERTO GARAY willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States as set forth above, and then retaliated against Plaintiff by firing her.

54. The motivating factor which caused Plaintiff's termination as described above was her complaint seeking overtime wages at the correct rate. In other words, Plaintiff would not have been discharged but for her complaint for overtime wages.

55. The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

56. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff ISABEL CAAMANO respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants FUEL ENERGY SOURCE and GILBERTO GARAY that Plaintiff ISABEL CAAMANO recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff ISABEL CAAMANO further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff ISABEL CAAMANO demands trial by jury of all issues triable as of right by jury.

DATED: March 29, 2017

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*